UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBIN PROCTOR, | Case No. 2:22-cv-00684-MMD-EJY |
| Petitioner, | ORDER |
| v. | |
| NAJERA, | |
| Respondent. | |

On May 2, 2022, the Court denied *pro se* 28 U.S.C. § 2254 habeas Petitioner Robin Proctor's application to proceed *in forma pauperis* and directed her to pay the $5.00 filing fee within 30 days. (ECF No. 3.) That order was served on Proctor at her address of record. That deadline has now expired, and Proctor has not paid the fee or contacted the Court in any manner.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine*

*Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Allen's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Proctor was expressly advised that failure to comply with the Court's order would result in the dismissal of the petition. Because this action cannot realistically proceed until and unless Proctor pays her filing fee, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Proctor needs additional time or evidence that she did not receive the Court's order directing her to pay the filing fee. Setting another deadline is not a meaningful

alternative given these circumstances. Accordingly, the fifth factor also favors dismissal, and the Court will dismiss the petition without prejudice for failure to comply with this Court's order to pay the filing fee.

The Clerk of Court is directed to detach and file the petition (ECF No. 1-1).

It is further ordered that this action is dismissed without prejudice as set forth in this order.

It is further ordered that a certificate of appealability is denied.

The Clerk of Court is further directed to enter judgment accordingly and close this case.

DATED THIS 29th Day of June 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE