UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBIN PROCTOR,<br><br>　　　　　Petitioner,<br>　v.<br>WARDEN NAJERA, *et al.*,<br><br>　　　　　Respondents. | Case No. 2:22-cv-00684-MMD-EJY<br><br>ORDER |

　　　　Before the Court is Petitioner Robin Proctor's *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus. (ECF No. 5.) Proctor has now paid the filing fee. (ECF No. 9.) The Court has reviewed the petition under Habeas Rule 4 and directs the petition to be served on Respondents.

　　　　A petition for federal habeas corpus should include all claims for relief of which the petitioner is aware. If the petitioner fails to include such a claim in the petition, the petitioner may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. § 2254(b) (successive petitions). If the petitioner is aware of any claim not included in the petition, the petitioner should notify the court of that as soon as possible, perhaps by means of a motion to amend the petition to add the claim.

　　　　It is therefore ordered that the Clerk of Court electronically serve the petition (ECF No. 5) on Respondents.

　　　　The Clerk of Court is directed to add Aaron D. Ford, Nevada Attorney General, as counsel for Respondents and provide Respondents with an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Office of the Attorney General only.

It is further ordered that Respondents file a response to the petition, including potentially by a motion to dismiss, within *90 days* of service of the petition, with any requests for relief by Proctor by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed is to comply with the remaining provisions below, which are entered under Habeas Rule 5.

It is further ordered that any procedural defenses raised by Respondents in this case be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in seriatim fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they will do so within the single motion to dismiss not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead, must be raised by motion to dismiss.

It is further ordered that in any answer filed on the merits, Respondents will specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Proctor has *45 days* from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by Respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

It is further ordered that any additional state court record exhibits filed herein by either Proctor or Respondents be filed with a separate index of exhibits identifying the exhibits by number. The parties will identify filed CM/ECF attachments by the number or numbers of the exhibits in the attachment.

It is further ordered that, at this time, the parties send courtesy copies of any responsive pleading or motion and *all indexes of exhibits only* to the Reno Division of this Court. Courtesy copies must be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. *No further courtesy copies are required unless and until requested by the Court.*

DATED THIS 22nd Day of September 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE