# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBIN PROCTOR,<br><br>Petitioner,<br><br>v.<br><br>WARDEN NAJERA, *et al.*,<br><br>Respondents. | Case No. 2:22-cv-00684-MMD-EJY<br><br>ORDER |

*Pro se* Petitioner Robin Proctor challenges her first-degree murder conviction pursuant to a guilty plea under 28 U.S.C. § 2254, including that her plea counsel was ineffective for failing to investigate her case. (ECF No. 5.) She has now filed a motion for appointment of counsel, which Respondents oppose. (ECF Nos. 13, 14.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *See id.* at § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel is appropriate if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that she is incapable of fairly presenting her claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). Here, the legal issues that Proctor raises related to her guilty plea do not appear to be complex, and the petition is sufficiently clear. The Court agrees with Respondents that Proctor does not point to any specific factual or legal issues to

show how counsel would be necessary to ensure due process. The Court concludes that counsel is not warranted and denies the motion.

Also before the Court is Respondents' motion to dismiss. (ECF No. 16.) Proctor has not responded to the motion, perhaps because she was waiting for the Court's decision regarding counsel. The Court therefore directs Proctor to file a response to the motion, if any, within 30 days.

Finally, Proctor filed three other motions. She filed a motion for enlargement of time to file a motion for counsel. (ECF No. 20.) As her motion for counsel was already pending before the Court, this motion is denied as moot. She also filed what she styled as a "motion to inform" and a motion to show cause. (ECF Nos. 22, 23.) The Court construes these as motions for status check; they are also denied as moot.

It is therefore ordered that Proctor's motion for appointment of counsel (ECF No. 13) is denied.

It is further ordered that Proctor's motion for enlargement of time (ECF No. 20), motion to inform (ECF No. 22), and motion to show cause (ECF No. 23) are all denied as moot.

It is further ordered that Proctor has *30 days* from the date of this order to file a response to the motion to dismiss (ECF No. 16), if any. Respondents may then file a reply in accordance with the local rules' normal briefing schedule.

DATED THIS 4th Day of May 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE