UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBIN PROCTOR,<br><br>Petitioner,<br><br>v.<br><br>WARDEN NAJERA, *et al.*,<br><br>Respondents. | Case No. 2:22-cv-00684-MMD-EJY<br><br>ORDER |

**I.    SUMMARY**

In her *pro se* 28 U.S.C. § 2254 habeas corpus petition, Robin Proctor challenges her Clark County, Nevada conviction under a guilty plea of murder with use of a deadly weapon. (ECF No. 5.) Respondents have moved to dismiss the petition as untimely and containing claims that are unexhausted, procedurally defaulted, and noncognizable. (ECF No. 16 ("Motion").) Because the petition is untimely and Proctor presents no basis to toll the statute of limitations, the Court grants the Motion.

**II.   BACKGROUND**

   **A.    State-Court Proceedings**

Proctor's guilty plea arose from an incident in which she and another woman brutally beat and robbed an 85-year-old man with whom Proctor was in a relationship. The man died at the hospital from blunt force trauma. (Exh. 11, ECF No. 19-1, Exh. 35, ECF No. 17-35.) The state district court sentenced Proctor to a term of 20 years to life in prison for the murder count, with a consecutive 24 to 240 months for the deadly weapon

enhancement, for an aggregate total sentence of 22 years to life. (Exh. 12, ECF No. 17-12.) Judgment of conviction was entered on July 10, 2017. (Exh. 13, ECF No. 17-13.)[1]

Proctor did not file a direct appeal. She filed a state postconviction habeas corpus petition on February 8, 2019. (Exh. 24, ECF No. 17-24.) Through counsel, she filed a supplemental petition on October 6, 2019. (Exh. 31, ECF No. 17-31.) The state district court denied the petition, concluding that it was procedurally defaulted as untimely, and Proctor failed to demonstrate good cause and prejudice to excuse the default. (Exh. 35, ECF No. 17-35.) The Nevada Court of Appeals affirmed the denial of the petition. (Exh. 57, ECF No. 17-57.)

### B. Federal Habeas Proceedings

About February 2022, Proctor dispatched her *pro se* federal habeas petition for mailing. (ECF No. 1-1.) She alleges two grounds for relief:

> Ground 1: Ineffective assistance of counsel for failure to investigate her claims or present a defense.
>
> Ground 2: The Nevada state laws regarding procedural bars violate Fourteenth Amendment due process.

(ECF No. 5 at 3-8.)

Proctor moved for appointment of counsel, which the Court denied. (ECF Nos. 13, 25.) Respondents now move to dismiss the petition as untimely and procedurally defaulted. (ECF No. 16.) Proctor filed several responses to the petition. (ECF Nos. 26, 27, 29, 33.) Respondents replied. (ECF No. 31.) Because the petition is time-barred, the Court grants the Motion.

## III.   DISCUSSION

### A.   Proctor's Federal Petition is Untimely

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment

---

[1] An amended judgment of conviction was entered on July 28, 2017, to correct a clerical error and to properly reflect a Category A felony. (Exh. 15, ECF No. 17-15.)

2

became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Where a defendant fails to seek direct review of their judgment of conviction before the state appellate court, the one-year period of limitations begins to run 30 days after the entry of the judgment of conviction. NRAP 4(b)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-150 (2012).

Here, the state district court entered the judgment of conviction on July 10, 2017. Proctor did not file a direct appeal; therefore, her judgment of conviction became final 30 days later on August 9, 2017. Her one-year AEDPA statute of limitations began to run on August 10, 2017, the day after her time to seek a direct appeal expired, and absent tolling, expired on August 10, 2018. 28 U.S.C. § 2244(d)(1)(A). Proctor did not file her federal habeas petition until February 2022. (ECF No. 5.)

A properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2). A state petition is not deemed "properly filed" if it is untimely under state procedural rules. *Pace v. DiGuglielmo*, 544 U.S. 408, 412-16 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for the purposes of § 2244(d)(2)." *Id*. at 414. Under Nevada state law, a habeas petition must be filed within one year after entry of the judgment of conviction if no appeal is taken. NRS § 34.726(1).

Here, Proctor filed her state petition on February 8, 2019, more than a year after entry of the judgment of conviction on July 10, 2017. (Exh. 24, ECF No. 17-24, Exh. 13, ECF No. 17-13.) The Nevada Court of Appeals affirmed the denial of the petition as untimely under NRS § 34.726(1). (Exh. 57, ECF No. 17-57.) An untimely state postconviction petition will not toll the AEDPA limitations period. Moreover, the AEDPA limitations period had already expired before Proctor filed her (untimely) state postconviction petition. Proctor's federal petition is untimely.

First, Proctor appears to argue in response that medical issues including "nervous breakdowns," ulcers, and anemia prevented her from timely filing her state petition and

3

should excuse the procedural default of that petition. (ECF Nos. 26, 29, 33.) But an untimely state postconviction petition cannot toll the AEDPA limitations period. *See* 28 U.S.C. § 2244(d)(2); *Pace*, 544 U.S. at 417; *Orpiada v. McDaniel*, 750 F.3d 1086, 1087 (9th Cir. 2014).

Second, a petitioner may be entitled to equitable tolling of the AEDPA limitations period if she can show: "'(1) that she has been pursuing her right diligently, and that (2) some extraordinary circumstance stood in her way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009) (quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Equitable tolling may be available when a petitioner suffered from a mental impairment so severe that the petitioner was unable personally to either understand the need to timely file or prepare a habeas petition and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence. *Bills v. Clark*, 628 F.3d 1092, 1093 (9th Cir. 2010.) Recently, the Ninth Circuit held that a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time for filing his claim in federal court." *Smith v. Davis* 953 F.3d 598-599 (9th Cir. 2020).

To the extent that Proctor's vague arguments could be construed as claiming equitable tolling of her federal petition, she has not demonstrated that she is entitled to such tolling. She has made bare assertions, with no elaboration whatsoever, that her medical records would show medical and mental health issues. (ECF Nos. 30, 34.) She vaguely refers to nervous breakdowns in July 2018, a death in the family, ulcers, and anemia. (ECF No. 26.) These brief, opaque averments do not show any impairment that would rise to an extraordinary circumstance that stood in the way of her timely filing.

Neither has she shown reasonable diligence. Proctor is not entitled to statutory or equitable tolling. The Court, accordingly, dismisses her petition as untimely.

### B. Grounds 1 and 2 are also Unexhausted/Procedurally Barred from Federal Review

Proctor claims in ground 2 that Nevada's statutory procedural bars violate due process. (ECF No. 5 at 6-7.) She did not present this claim in her state postconviction petition, so it is unexhausted. (*See* Exh. 24, ECF No. 17-24, Exh. 31, ECF No. 17-31, Exh. 48, ECF No. 17-48, Exh. 57, ECF No. 17-57.) Proctor claims in ground 1 that her plea counsel rendered ineffective assistance for failure to investigate and present a defense. (ECF No. 5 at 3-4.) She raised this claim in her state postconviction petition, which the state courts denied as untimely and procedurally barred under state law.

Regarding exhaustion, a federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of their claims before the petitioner presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

With respect to procedural default, the Court cannot review a claim "if the Nevada [appellate court] denied relief on the basis of 'independent and adequate state procedural grounds.'" *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003). In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting their claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine.

*See* 501 U.S. 722, 731-32 (1991). A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Yang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003).

Turning to ground 1, the Nevada Court of Appeals affirmed the trial court's denial of Proctor's state habeas petition because it was procedurally barred as untimely. (Exh. 57, ECF No. 17-57.) *See also* NRS 34.726(1). Nevada's statutory rule regarding timeliness is an independent and adequate state law ground for procedural default. *See, e.g.*, *Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996). The state appellate court also specifically held that Proctor failed to demonstrate good cause to excuse the procedural bars. (Exh. 57 at 2, ECF No. 17-57.)

Ground 2 is unexhausted and would be procedurally defaulted as untimely and successive if Proctor returned to state court to present this claim. *See Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman*, 501 U.S. at 731 ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court.")). Thus, even if this petition was timely, the grounds are procedurally barred from federal habeas review.

### C.     Ground 2 is Noncognizable

A state prisoner is entitled to federal habeas relief only if she is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004); *see also Murdoch v. Castro*, 365 F.3d 699, 703 n.1 (9th Cir. 2004) (citing *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991)) ("We are not a state supreme court of errors . . . . On federal habeas we may only consider whether the petitioner's conviction violated constitutional

norms."); *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) ("noting that [the federal court] ha[s] no authority to review a state's application of its own laws").

Ground 2 is a challenge to the validity of Nevada state law regarding procedural bars. A petitioner may not merely label an issue as one of "due process" without identifying an issue cognizable on federal habeas review. Ground 2, therefore, would also be subject to dismissal as noncognizable in federal habeas corpus.

## IV.  MOTION TO SEAL

Finally, Respondents have filed a motion for leave to file an exhibit *in camera* and under seal. (ECF No. 18.) While there is a presumption favoring public access to judicial filings and documents, a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598).

Here, Respondents ask to file Proctor's presentence investigation report ("PSI") *in camera* and under seal because it is confidential under state law. They also state that it contains sensitive, private information that could compromise Proctor's safety. The Court has reviewed the PSI and concludes that Respondents have demonstrated compelling reasons to file the PSI under seal. However, the PSI does not appear to include information that is so sensitive to warrant *in camera* filing.[2] Accordingly, the Court grants the motion in part, and the PSI will remain under seal.

## V.  CERTIFICATE OF APPEALABILITY

This is a final order adverse to Proctor. Rule 11 of the Rules Governing Section 2254 Cases thus requires this Court to issue or deny a certificate of appealability ("COA").

---

[2] While Respondents point out that they have extensive experience filing documents of this type under seal with this Court, and they are correct that PSIs are frequently filed under seal, they do not explain why *in camera* treatment would be necessary. (*See* Exh. 18.)

Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Under 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court's procedural ruling was correct. *Id*.

Having reviewed its determination that Proctor's petition is time-barred and procedurally barred from federal habeas review, the Court finds that these rulings do not meet the *Slack* standard. Applying these standards, the Court finds that a certificate of appealability is unwarranted and therefore declines to issue a certificate of appealability for the dismissal of Proctor's petition.

## VI.  CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 16) is granted.

It is further ordered that the petition (ECF No. 5) is dismissed as untimely.

It is further ordered that Respondents' motion for leave to file exhibit *in camera* and under seal (ECF No. 18) is granted in part and denied in part. The exhibit will remain under seal.

It is further ordered that a certificate of appealability will not issue.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 5th Day of September 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE